# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Jan 19, 2021
s/ DarylOlszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of ) <br> *(Briefly describe the property to be searched* ) <br> *or identify the person by name and address)* ) <br> The Vehicle and Residence of Phillip Riser ) <br> ) | Case No. 21 MJ 35 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, U.S.C., Section 922(g) and Title 21, U.S.C., Section 844 | felon-in-possession of a firearm; possession of controlled substance |

The application is based on these facts:

See the attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.*

*Matthew Mason* Digitally signed by Matthew Mason
Date: 2021.01.19 14:35:29 -06'00'

*Applicant's signature*

ATF SA Matthew Mason

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone *(specify reliable electronic means)*.

Date: January 19, 2021

*Judge's signature*

City and state: Milwaukee, WI    Hon. William Duffin, U.S. Magistrate Judge

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF SEARCH WARRANTS

I, Matthew Mason, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the federal Bureau of Alcohol, Tobacco, Firearms and Explosives, and have been so employed since 2015. Before that time, I was a police officer with the Calumet City Police Department from 2003 until 2015. In that capacity I have investigated various federal crimes, including violations of Title 18, United States Code, Section 922, and Title 21, United States Code, Sections 5861(d) and 5861(f). I am also working with various other local, state and federal agencies as part of Operation Relentless Pursuit, a federal initiative intended to combat violent crime in seven cities, including Milwaukee.

2. This affidavit is submitted in support of an application for a search warrant to seek evidence of (i) illegal possession of a firearm by a prohibited person, in violation of Title 21, United States Code, Section 922(g); and (ii) possession of a controlled substance (marijuana), in violation of 21 U.S.C. § 844. The places to be searched are 2815 W. Villard Ave. in Milwaukee, WI, a single family home painted off-white/beige, with a brown shingle roof (the "Subject Residence"), and a maroon Pontiac Torrent, currently bearing temporary Wisconsin registration AKY8569 and a VIN number ending 3816 (individually, the "Subject Vehicle," and collectively with the Subject Residence, the "Subject Locations").

3. This affidavit is based upon my personal knowledge, and upon information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable.

1

Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation. Because this affidavit is submitted for the limited purpose of securing authorization for a search warrant, I have not included each fact known to me concerning this investigation. I have set forth only the facts that I believe are essential to establish the necessary foundation for the requested search warrants

4. Phillip D. Riser (M/B, DOB: 5/14/1981) is a felon, having been convicted of, *inter alia*, felony discharge of a firearm (Outagamie County Circuit Court Case No. 2002CF000772). RISER also had a warrant issued for his arrest in Milwaukee County Case No. 2021CF000146, in relation to allegations that he had illegally possessed a firearm.

5. Law enforcement knows RISER to reside at the Subject Residence, as such information was relayed by the complainant in Milwaukee County Case No. 2021CF000146. Law enforcement also knows RISER to be the owner of the Subject Vehicle, as such ownership is reflected in public records maintained by the State of Wisconsin. Law enforcement further knows RISER uses the Subject Vehicle, as such information was also relayed by the complainant in Milwaukee County Case No. 2021CF000146.

6. On January 19, 2021, law enforcement attempted to arrest RISER at the Subject Residence. Officers observed the Subject Vehicle outside the Subject Residence. Inside the Subject Vehicle was a seemingly-already-smoked marijuana cigarette and marijuana shake. I am aware of legal authority that suggests law enforcement, based on

2

this observation, is now authorized to search the Subject Vehicle, but I am seeking this warrant out of an abundance of caution. *See United States v. Millar*, 435 F. App'x 542, 545 (7th Cir. 2011) ("And even if Millar's consent had been as narrow as the district court assumed, Chavez had probable cause to search the entire truck—including closed containers—as soon as he opened the driver's side door and saw the marijuana 'shake' on the floorboard. Millar largely pinned his hopes at the suppression hearing on the quantity of marijuana on the floorboard, which he argued was too little to support a finding of probable cause. But the amount was irrelevant."); *United States v. Edwards*, No. 12-CR-10-BBC, 2012 WL 12887731, at *3 (W.D. Wis. July 13, 2012), *report and recommendation adopted*, No. 12-CR-10-BBC, 2012 WL 12887732 (W.D. Wis. July 24, 2012), *aff'd,* 519 F. App'x 411 (7th Cir. 2013) ("Upon directing Edwards out of the Blazer–a direction that Edwards has not and could not challenge–Deputy Pollock saw–and recognized–marijuana shake on the floor and ash accumulation around Edwards. Shake is marijuana, so Deputy Pollock then and there had probable cause to arrest Edwards for simple possession, even though as a practical matter this probably was not a charge worth pursuing based just on residue in a car floor mat. But it sufficed to provide probable cause to search the car for additional marijuana.").

7. Law enforcement then knocked on the door of the Subject Residence, announced their presence, and said they had a warrant for RISER's arrest. A male—not yet definitively identified—answered and indicated that no one would be coming out of the home. Law enforcement then heard noises that sounded like at least one person going up or down a set of stairs. At that point law enforcement made entry to the Subject

3

Residence. RISER then came up the stairs from the Subject Residence's "open concept" basement. Two other family members of RISER's were eventually located in different areas of the home.

8. Inside the Subject Residence's basement, where RISER had recently come from, were what law enforcement believed to be two firearms. The first was a rifle, observable in "plain view" on the floor of the basement. A portion of the second suspected firearm was similarly observable in "plain view" above a vent in the basement. Law enforcement cannot determine the make or caliber of this second suspected firearm, based on the limited portion of the suspected firearm currently visible.

9. In my training and experience, very few firearms are manufactured in the state of Wisconsin, and the rifle observable in "plain view" on RISER's floor is not, in my estimation, one of this limited subset.

10. In my training and experience, I know that persons engaged in illegal activities, including the possession of controlled substances and the possession of prohibited weapons, will frequently hide their contraband in an attempt to evade law enforcement. Frequently used hiding places include vehicles, residences, and their associated attics, basements, and trunks.

11. In my training and experience, I know that persons engaged in illegal activities, including the possession of controlled substances and the possession of prohibited weapons, will frequently utilize their cellular telephones to perpetuate and conceal such crimes. I further suspect that RISER has used his personal cellular telephone to discuss his current firearms case in Milwaukee County with other persons, based on

4

commentary RISER made, in law enforcement's presence, to the other persons in the Subject Residence, after RISER was arrested.

12. Officers have "frozen" the Subject Locations and are currently awaiting issuance of a search warrant.

# ATTACHMENT A
## PLACES TO BE SEARCHED

The places to be searched are 2815 W. Villard Ave. in Milwaukee, WI, a single family home painted off-white/beige, with a brown shingle roof (the "Subject Residence"), and a maroon Pontiac Torrent, currently bearing temporary Wisconsin registration AKY8569 and a VIN number ending 3816 (individually, the "Subject Vehicle," and collectively with the Subject Residence, the "Subject Locations").

# ATTACHMENT B
# ITEMS TO BE SEIZED

All materials and records relating to violations of 18 U.S.C. § 922(g) or 21 U.S.C. § 844, including but not limited to:

> All controlled substances, firearms, ammunition, body armor, silencers and other materials that felons are prohibited from possessing under federal law;
>
> Financial records, documents, statements, receipts, or other evidence of control or purchase of controlled substances, firearms, ammunition, body armor, silencers and other materials that felons are prohibited from possessing under federal law;
>
> Indicia of residency; and
>
> Cellular telephones and all electronic storage areas on the device including stored telephone numbers, recently called numbers list, text messages, digital audio and or video recordings, pictures, settings, and any other user defined settings and/or data.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).